## LLOYD v. VILLAGE OF WALTON.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. MUNICIPAL CORPORATIONS—STREETS—PERSONAL INJURIES.

A village street widened at its intersection with a cross street, over which a crosswalk led from one corner to the other, diverging about two feet from the direct line of the sidewalk. The crosswalk was hidden by water, suffered by the village to accumulate by reason of an obstruction which had lain there with the same results for nearly five years. Plaintiff, unfamiliar with the locality, attempted to cross at the point where the crosswalk would be if it continued in a direct line, and fell into the gutter. *Held* to sustain a verdict for plaintiff.

2. SAME—EVIDENCE.

Where plaintiff was injured by falling into a gutter at a street crossing hidden by water, the fact that no like accident had happened there for six years was not sufficient to overthrow the jury's verdict.

Appeal from trial term, Delaware county.

Action by George E. Lloyd against the village of Walton. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The action was brought to recover damages for an injury to the plaintiff by reason of the defendant's negligence. The negligence claimed is the suffering of an obstruction in a drain or sluiceway carrying off the surface water of the street, by reason of which obstruction the water accumulated to such an extent as to cover the crosswalk at the northeast corner of the intersection of Liberty and Meade streets in the village of Walton, rendering the passage dangerous for those having occasion to use such crossing. Meade street runs east and west through said village, and Liberty street north and south. Liberty street south of Meade street is about two feet wider than it is north of Meade street. The westerly line of Liberty street is unbroken. Upon the easterly side the street widens about two feet as it passes Meade street going south. The crosswalk of Liberty street as it crosses Meade street on the easterly side runs diagonally, and is two feet further towards the east upon the southerly side than upon the northerly side of the street. Upon the 13th day of May, 1897, about noon, the plaintiff approached Liberty street from the east upon the north side of Meade street. As he approached the corner, he found that roily water had accumulated, so that the crossing was entirely covered, and he was unable to see its location. He attempted to cross the crosswalk through the water, and in doing so stepped off the easterly edge of the crosswalk into the gutter, and, falling, broke his leg. To recover damages for this injury this action is brought.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

H. S. Sewell (E. H. Hanford, of counsel), for appellant.

T. Sanderson, for respondent.

SMITH, J. By the verdict of the jury it is established that the plaintiff's injury was caused by the defendant's negligence without negligence on his part. There is no uniform rule, where streets widen, by which the crosswalk is carried in a direct line across, or by which it is carried diagonally from one sidewalk to the other. The plaintiff might well have assumed that the crosswalk would be a direct continuation of the sidewalk upon the easterly part of Liberty street. His acquaintance with the locality was limited. The crosswalk was covered with roily water, and concealed. There was

no fence upon the adjoining property, so as to indicate clearly where the corner of the lot might be. It was not negligent, then, as a matter of law, for him thus to make the attempt to cross, and the finding of the jury that he was free from negligence cannot be said to be wholly without evidence. That the defendant was guilty of negligence was properly found. This sluiceway or drain, which was built to carry off the water accumulating at the northeast corner of Meade and Liberty streets, had been obstructed by the water company, which placed in the middle of the sluiceway an eight-inch pipe. This obstruction the defendant had allowed to exist for upward of five years, with knowledge of the fact that by reason thereof this corner was flooded, and the crosswalk thus concealed at the place in question frequently every year; and, when covered, a condition existed which imperiled the safety of travelers upon the street. That this constituted a want of reasonable care on the part of the village authorities would seem clear. The fact that no like accident had happened within six years, while some evidence in support of the defendant's contention, is not sufficient to overturn the conclusion which the jury have reached. The question was fairly and clearly submitted to the jury by the learned trial justice in a charge to which no exception was taken, and we see no reason to reverse their conclusion.

Judgment and order unanimously affirmed, with costs.